# EXHIBIT A

Proposed Interim Order

2174367.4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | |
| | ) | Chapter 11 |
| Endicott Interconnect Technologies, Inc., *et al.*,[1] | ) | Case No. 13-61156 (DD) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |

**INTERIM ORDER AUTHORIZING**
**(A) MAINTENANCE OF EXISTING BANK ACCOUNTS, (B) CONTINUED USE OF**
**EXISTING CASH MANAGEMENT SYSTEMS, (C) CONTINUED USE OF EXISTING**
**BUSINESS FORMS, AND (D) CONTINUED INTERCOMPANY TRANSACTIONS**

Upon consideration of the motion (*Docket No. __*, the "Motion")[2] of the above-captioned

debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this

"Order"), authorizing, but not directing, the Debtors (a) to maintain their existing bank accounts,

(b) to continue to use their existing cash management system, (c) to continue to use existing

business forms and (d) to continue their prepetition practices with respect to certain intercompany

transactions; and upon the *Affidavit of David W. Van Rossum In Support of Chapter 11 Petitions*

*and First Day Motions (Docket No. __)*; the Court finding that: (A) it has jurisdiction over the

matters raised in the Motion pursuant to 28 U.S.C. § 1334; (B) this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); (C) the relief requested in the Motion is in the best interest of the Debtors'

estates, their creditors, and other parties in interest; and (D) due and sufficient notice of the Motion

was given; and upon the record herein and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Endicott Interconnect Technologies, Inc. (2350) and EI Transportation Company, LLC (4961).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2174367.4

1.    The Motion is granted on an interim basis as set forth herein.

2.    The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment: (a) to designate, maintain, and continue to use, with the same account numbers, all of their Bank Accounts in existence on the Petition Date, including, without limitation, those accounts identified and described in the Motion; (b) to use, in their present form, checks and other documents and forms related to the Bank Accounts and the Debtors' businesses; and (c) to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession.

3.    The investment and deposit requirements set forth in section 345 of the Bankruptcy Code are hereby waived on an interim basis.

4.    Every financial institution at which any Bank Account is maintained is hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course and to receive, process, honor, and pay any and all checks and drafts drawn on each Bank Account after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that any check or draft drawn or issued by the Debtors before the Petition Date may be honored only if specifically authorized by an order of this Court.   All such financial institutions are hereby authorized to conclusively rely upon the Debtors' representation that payment of any particular check or draft has been approved by an order of this Court.

5.    Except for those checks or debts that may be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks or drafts issued on the Bank Accounts before the Petition Date, but presented for payment after the Petition Date, shall be honored or paid.

2174367.4

6.      Nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing Bank Accounts as they may deem necessary and appropriate; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein.

7.      The Debtors are authorized to continue to use their existing business and correspondence forms and existing checks without alteration and without the designation "Debtor in Possession" imprinted upon them.

8.      The Debtors are authorized to continue utilizing their Cash Management System to manage their cash in a manner consistent with their prepetition practices, as set forth in the Motion.

9.      The Debtors are authorized to continue their prepetition practices with respect to Intercompany Transactions. All postpetition Intercompany Transactions resulting in a claim by one Debtor against another Debtor shall be accorded administrative expense priority in accordance with sections 364(b), 503(b) and 507(a)(2) of the Bankruptcy Code.

10.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

12.     Nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

2174367.4

13.    Nothing in the Motion or this Order shall be construed as impairing the Debtors' right to contest the validity, priority or amount of any claim pursuant to applicable law or otherwise dispute, contest, setoff or recoup any claim, or assert any rights, claims or defenses related thereto.

14.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15.    A final hearing (the "Final Hearing") on the Motion shall be held on _____, 2013 at __:__ a.m./p.m. prevailing Eastern Time.  Any objections or responses to entry of the proposed final order attached as Exhibit B to the Motion (the "Final Order") shall be filed and served no later than **seven days before** the Final Hearing and shall be served upon the Court and the following parties: (a) the Debtors, c/o Endicott Interconnect Technologies, Inc., Building 258, 1093 Clark Street, Endicott, New York 13760, Attn: David Van Rossum ; (b) proposed counsel to the Debtors, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Camille W. Hill, Esq. and Grayson T. Walter, Esq.; (c) counsel to M&T Bank, Coughlin & Gerhart, L.L.P. 99 Corporate Drive, Binghamton, New York 13904, Attn: Mark S. Gorgos, Esq.; (d) counsel to William and David Maines, Hinman Howard & Kattell, LLP, 700 Security Mutual Building, 80 Exchange Street, Binghamton, New York 13901, Attn: Ann B. Cianflone, Esq.; (e) counsel to Integrian Holdings, LLC, Menter, Rudin & Trivelpiece, P.C., 308 Maltbie Street, Suite 200, Syracuse, New York 13204, Attn: Jeffrey A. Dove, Esq.; (e) counsel to any statutory committee appointed in these Chapter 11 Cases or, if no such committee has been appointed, to the Debtors' twenty (20) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions and (f) the office of the United States Trustee for the Northern District of New York, 10 Broad Street, Room 105, Utica, New York 13501, Attn: Guy A. Van

2174367.4

Baalen, Esq. In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter the Final Order without need for the Final Hearing.

16.    The Debtors shall serve a copy of the Motion, this Order, and notice of the Final Hearing upon the parties identified in paragraph 38 of the Motion by depositing the same in first class mail, postage prepaid, not later than 5:00 p.m. on the first business day following entry of this Order.

17.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
       Utica, New York


_____
United States Bankruptcy Judge

2174367.4